```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

MARCUS ROBINSON,               :
     Plaintiff,                :
                               :
                               :
vs.                            :     CIVIL ACTION 13-114-KD-M
                               :
HUDSON SPECIALTY               :
INSURANCE GROUP, et al.,       :
     Defendants.               :
```

REPORT AND RECOMMENDATION

The Plaintiff's Motion to Remand and For Other Relief (Doc. 9) has been referred for report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332. After consideration, it is recommended that Plaintiff's Motion to Remand and For Other Relief (Doc. 9) be denied.

FACTS AND PROCEEDINGS

The facts are, briefly, as follows. On September 18, 2012, in Alabama state court, Plaintiff obtained a $500,000.00 judgment against Defendant, Crown Theater, Inc. ("Crown Theater"), for injuries he sustained at Crown Theater's place of business, known as "Club Atlantis." (Doc. 9 at 1). Thereafter, Plaintiff filed a complaint in state court for garnishment of insurance proceeds pursuant

to Alabama's "reach and apply" statute, A<small>LA</small>. C<small>ODE</small> § 27-23-2 (1975), against Hudson Specialty Insurance Company ("Hudson"), Crown Theater, Inc., and Colony Insurance Company ("Colony").[1]  (Docs. 1, 9 at 2, 1-2).  It is this Complaint for garnishment of proceeds which has been removed to federal court by Defendant Hudson.  Defendant Hudson filed its Notice of Removal (Doc. 1) on March 8, 2013, and its Answer and Affirmative Defenses (Doc. 3) on March 11, 2013.  Defendant Colony joins in and consents to removal.  (Docs. 2, 17).  Plaintiff filed his Motion to Remand and For Other Relief (Doc. 9) on March 12, 2013.  On March 15, 2013, Defendant Colony filed its Answer and Affirmative Defenses.  (Doc. 11).  On April 2, 2013, Defendant Hudson filed its Opposition to Plaintiff's Motion to Remand (Doc. 16), and, on April 3, 2013, Defendant Colony also filed its Opposition to Plaintiff's Motion to Remand (Doc. 17).  Crown Theater has neither consented to nor opposed Defendants' Notice of Removal.  Both Defendant Hudson and Colony have denied coverage and declined to

---

[1]  Plaintiff also named multiple fictitious defendants; however, "[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a). . ., the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C. § 1441(b); *see also Walker v. CSX Transp., Inc.,* 650 F.3d 1392, 1396 n.11 (11th Cir. 2011)(explaining that "fictitious 'named' parties be disregarded for purposes of diversity jurisdiction.").

defend Crown Theater under their respective policies. (Docs. 3, 11).

In its Notice of Removal, Defendant Hudson contends that diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332 and that this action is properly removed to federal court. (Doc. 1). In his Motion to Remand and For Other Relief, Plaintiff makes a substantive and procedural argument as to why this case should be remanded to state court. Substantively, Plaintiff contends that because Crown Theater is a named defendant and an Alabama corporation doing business in Mobile County, the parties are not completely diverse, and therefore, this Court does not have jurisdiction over this case requiring remand to state court. (Doc. 9 at 1). Procedurally, Plaintiff contends that because Crown Theater did not consent to the removal, the unanimity requirement for removal has not been met and a defect exists in Defendants' removal petition. (Doc. 9 at 2,3).

It is undisputed that the amount in controversy is $500,000.00 (Docs. 1, 1-1, 9 at 4, 6, 1). It is also undisputed that Plaintiff is and was at all times material, an Alabama resident; that Defendant Hudson is an insurance company organized under the laws of the State of New York, with its principal place of business in the State of New

York (Doc. 1 at 7); that Crown Theater is an Alabama corporation doing business in Mobile, County, Alabama (Doc. 1, 9 at 4, 1); and that Defendant Colony is an insurance company organized under the laws of the State of Ohio, with its principal place of business in the State of Virginia. (Doc. 1 at 8).  It is Crown Theater's Alabama citizenship and whether Crown Theater should be realigned as a party plaintiff to achieve complete diversity that is the basis of this dispute.

## DISCUSSION

In its Notice of Removal, Defendant Hudson alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446.  (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v.*

4

*Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986). Therefore, when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. *Id.* (citation omitted). If there is jurisdiction, then removal is appropriate and the court may proceed to the merits of the case. *Univ. of South Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999)*.* "However, if at any time before final judgment it appears the district court lacks subject matter jurisdiction, the case shall be remanded to the state court from whence it came." *Id.* (citing 28 U.S.C. § 1447(c)(quotation marks omitted)). All doubts about jurisdiction should be resolved in favor of remand to state court. *Id.* (citations omitted). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no dispute that the amount in controversy is $500,000.00, easily exceeding the jurisdictional minimum of $75,000, exclusive of interest and costs. (Docs. 1, 9 at 4, 1). The issue in this case turns on whether there is complete diversity of citizenship.

Direct Action

To resolve the citizenship of the parties, it must first be determined whether this action is a "direct action" as contemplated under the federal diversity statute such that Defendants Hudson and Colony would be deemed to have the Alabama citizenship of its insured, Crown Theater. Title 28 U.S.C. § 1332 sets forth as follows:

> For the purposes of this section and section 1441 of this title—
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and. . .

28 U.S.C. § 1332(c)(1).

"[C]ourts have uniformly defined the term, 'direct action' as used in [§ 1332(c)(1)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *City of Vestavia Hills*, 676 F.3d 1310, at 1315 (citing *Fortson v. St. Paul*

*Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985). "An action brought under Alabama Code § 27-23-2,[2] where the injured party has already obtained a judgment against the insured, is not a direct action as contemplated by § 1332(c)(1) under *Fortson*." *Id. see also Cromwell v. Admiral Ins. Co.*, 2011 WL 2670098, *3 (S.D. Ala. June 21, 2011)(slip copy), adopted 2011 WL 2689356 (S.D. Ala. July 7, 2011)("to collect a preexisting judgment from the judgment debtor's insurer is not a 'direct action' which would make the insurer share the citizenship of its insured. . .").

Considering the status of the parties on removal, this is not a direct action as contemplated by the statute. Having reviewed the single count complaint wherein Plaintiff proceeds under section 27-23-2 of the Alabama Code for garnishment and collection of the insurance money

---

[2]  § 27-23-2 sets forth in relevant part as follows: "[u]pon the recovery of a final judgment against any person . . . or corporation by any person, . . . for loss or damage on account of bodily injury, . . . if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment." Ala. Code § 27-23-2 (1975).

7

held under certain policies to satisfy the judgment rendered against Crown Theater (Doc. 1-1), it is clear that Plaintiff does not seek any relief from Crown Theater. Plaintiff has already obtained his judgment against Crown Theater, and has named Crown Theater as a defendant simply because § 27-23-2 permits him to do so.  *See* § 27-23-2 ("[T]he judgment creditor *may* proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment")(emphasis added).  The word "may" is permissive and does not require Plaintiff to sue the insured to reach and apply the insurance monies. Moreover, the present dispute between Plaintiff and Defendants Hudson and Colony is secondary to the original judgment against Crown Theater.  The only thing that Plaintiff could want out of this case, and the only thing that Plaintiff asks for in his Complaint, is to be able to obtain the proceeds of the insurance policies held by Defendants Hudson and Colony for the benefit of Crown Theater.  Accordingly, this action is not a direct action as contemplated under § 1332(c)(1), and Defendants Hudson and Colony are not deemed to have the same citizenship as their insured, Crown Theater.

<u>Realignment of the Parties</u>

Turning to Plaintiff's substantive argument that the Court does not enjoy subject matter jurisdiction over the present action, the Court does not find Plaintiff's argument meritorious.  Rather, the Court finds persuasive Defendants' argument that Crown Theater should be realigned as a party plaintiff to achieve complete diversity of citizenship.

For the purpose of removal, the federal law determines who is plaintiff and who is defendant.  *Baldwin Cnty. Bd. of Educ. v. Melvin Pierce Painting, Inc.*, 2012 WL 124844, *2 (S.D. Ala. January 17, 2012)(quoting *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 580 (1954)).  "It is a question of the construction of the federal statute on removal, and not the state statute.  *City of Vestavia Hills v. Gen. Fid. Ins. Co.,* 676 F.3d 1310, 1313 (11th Cir. 2012).  "The latter's procedural provisions cannot control the privilege of removal granted by the federal statute." *Id.* (citing *Stude* at 580).  Additionally, the parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants.  *Id.* (citing *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  "The court is not required to maintain the status of the parties as plead, but instead must look beyond the pleadings, and arrange the

9

parties according to their sides in the dispute." *Melvin Pierce Painting, Inc.*, 2012 WL 124844, at *2 (citation and quotation marks omitted). "To do so, the court must determine the 'principal purpose of the suit and the primary and controlling matter in dispute.'" *Id.* "Where the parties' interests are the same, those parties must be aligned together, even where those parties' interests may have been at odds outside of the issues raised in the present action." *City of Vestavia Hills*, 676 F.3d at 1313. A district court's failure to properly realign parties with the same interests will result in reversal. *Id.* (citing *Weller v. Navigator Marine, Inc.*, 737 F.2d 1547, 1548 (11th Cir. 1984); *see also Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156 (3d Cir. 1995)("[W]here party designations have jurisdictional consequences, [the court] must align the parties before determining jurisdiction")(quotation marks omitted); *Still v. Debuono*, 927 F. Supp. 125, 130 (S.D.N.Y. 1996) *aff'd*, 101 F. 3d 888 (2d Cir. 1996)(Federal courts are generally required to realign parties according to their real interest so as to produce an actual collision of interests)(citation omitted).

Plaintiff filed his Complaint under ALA. CODE § 27-23-2 seeking to collect insurance proceeds from policies held by

Defendants for the benefit of Crown Theater in satisfaction of the judgment he obtained in state court for his injuries.  Plaintiff's reliance on the last clause of § 27-23-2 to destroy diversity of citizenship jurisdiction is unfounded.  "[W]hat Alabama Code § 27-23-2 or the Alabama Supreme Court have to say about whether [the insured] is a defendant or a plaintiff is immaterial, and further, state legislatures apparently cannot craft a statute in this manner to render certain causes of action "unremovable."  *City of Vestavia Hills*, 676 F.3d 1310, 1313-14.

Plaintiff's single-count Complaint clearly indicates that the primary thrust of the present litigation is to determine the amount (and potentially the existence) of coverage.  It is clear that Crown Theater's principal interest in this suit is having Defendants Hudson and Colony pay as large a portion of the judgment as possible, thereby reducing the unsatisfied remainder of the judgment for which Crown Theater would remain liable.  No other substantive issues have been raised or demonstrated to be involved in this action.  Based on the record, the interests of Crown Theater are properly aligned in this litigation with those of the Plaintiff.  Realignment of Crown Theater as a party plaintiff is appropriate in this case, and there thus exists complete diversity between

11

plaintiffs and defendants justifying the exercise of diversity of citizenship jurisdiction.

## Consent to Removal

Lastly, Plaintiff makes a procedural argument that remand is due because all defendants (namely, Crown Theater) did not consent to removal. Plaintiff requests an order remanding the case to state court and requiring "payment of just costs and any actual expenses, including attorney fees" for "wasting time and effort in responding to this Motion." (Doc. 9 at 3). In opposition to Plaintiff's Motion, Defendants Hudson and Colony contend that Crown Theater's consent was not necessary due to misalignment of the parties and that Crown Theater's lack of consent does not create a defect in removal. The Court agrees and concludes that Crown Theater's consent was not necessary for Defendants to file for removal.

It is well settled in this Circuit that there is no requirement for a nominal "defendant" correctly realigned as a party plaintiff to consent to removal. *See Cromwell v. Admiral Ins. Co.*, 2011 WL 2670098 (S.D. Ala. June 21, 2011)(report and recommendation), *adopted* 2011 WL 2689356 (S.D. Ala. July 7, 2011)(party named as defendant in action brought pursuant to ALA. CODE § 27-23-2 was realigned as a party plaintiff and thus was not required to consent to

removal); *see also Premier Holidays Int'l Inc. v. Actrade Capital, Inc.*, 105 F. Supp. 2d 1336, 1341 (N.D. GA July, 6, 2000)("no policy is served by allowing a mislabeled "defendant" to defeat the true defendants' right to remove the case by withholding its consent").  Courts in other circuits have reached this same conclusion.  *See McKeen v. Cont'l Cas. Co.*, 2010 WL 3325200, at *2 (E.D. Mich. Aug. 19, 2010)(where co-defendant was realigned as plaintiff, "[s]oliciting [co-defendant's] consent prior to removal would . . . have required a meaningless act," and thus, failure to obtain co-defendant's consent to removal was "immaterial"); *Still v. DeBuono*, 927 F. Supp. at 130 (noting that a "nominal" party has "little or no interest in the outcome of the litigation and no cause of action or claim for relief is or could be stated against it, thus, the "court disregards defendants' failure to join in [the] removal petition where defendants' interest in [the] outcome, if any, [are] aligned with plaintiff's interest).

Plaintiff has not provided any cases or evidence to support his contention that Crown Theater is more than a nominal defendant able to destroy jurisdiction.  Therefore, because Crown Theater should be realigned as a party plaintiff, it follows that the Defendants' removal petition

13

is not defective because Crown Theater did not join in or consent to it.

## COSTS AND ATTORNEY'S FEES

Lastly, Plaintiff requests attorney's fees and costs in his Motion to Remand and For Other Relief.  Since the Court has determined that it has diversity jurisdiction over this action, it follows that Plaintiff's request for attorney's fees and costs must be denied.

## CONCLUSION

After reviewing all of the relevant pleadings of record, the Court finds that Defendants have demonstrated, by a preponderance of the evidence, that Crown Theater should be realigned as a party plaintiff and that this Court does enjoy diversity jurisdiction over this action. Therefore, it is RECOMMENDED that Plaintiff's Motion to Remand and For Other Relief (Doc. 9) be DENIED, and that this action be allowed to proceed in this Court.

The instructions that follow contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. *Objection*. Any party who objects to this recommendation or anything in it must, within fourteen (14)

days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*). The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge=s recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" *Fed. R. Civ. P.* 72(b)(2).

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this  9th  day of May, 2013.

                                      s/BERT W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE