IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS JAMES ROBINSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 13-00114-KD-M |
| | ) | |
| HUDSON SPECIALITY INSURANCE | ) | |
| GROUP, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on Defendant Hudson's Motion for Summary Judgment (Docs. 30-31), Plaintiff's Response (Docs. 43-44), and Hudson's Reply (Doc. 47); and Defendant Colony's Motion for Summary Judgment (Docs. 38-39), Plaintiff's Response (Doc. 48), and Defendant's Reply (Doc. 49).

### I.   Findings of Fact[1]  & Procedural Background

On the evening of November 8, 2009, Plaintiff Marcus Robinson ("Robinson") joined a group of friends at a Mobile, Alabama nightclub called "Club Atlantis." The night out, to celebrate a friend's birthday, proved nearly fatal. While leaving Club Atlantis, two (2) unknown men shot Robinson twice with a .25 caliber gun and three times with a .38 caliber gun. Robinson survived, but was left with significant and permanent injuries to his abdomen, left chest/lung, left flank, and left arm.   This case concerns the litigation which ensued.

Specifically, on October 19, 2011, Robinson filed suit in the Circuit Court of Mobile

---

1 At the summary judgment stage, the facts are taken in the light most favorable to the non-movant. Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992). The "facts, as accepted at the summary judgment stage of the proceedings, may not be the actual facts of the case." Priester v.. City of Riviera Beach, 208 F.3d 919, 925 n. 3 (11th Cir. 2000).

County, Alabama against Crown Theater, Inc. ("Crown Theater") (the entity which owns Club Atlantis) and other defendants, asserting claims for negligence, wantonness, negligent/wanton training, monitoring and supervision of employees, joint venture, breach of contract third-party beneficiary, and for violating Alabama's Dram Shop Act (CV 2011-902312). (Doc. 39-1). Crown Theater notified its insurers (Hudson Specialty Insurance Group, Inc. ("Hudson") and Colony Insurance Company, Inc. ("Colony"))[2] and requested a defense and indemnity under its insurance policies for any judgment that might be rendered against it. The insurers denied coverage and refused to defend Crown Theater. On November 1, 2011, Hudson specifically denied coverage on the basis of an absolute assault/battery exclusion in its liquor liability policy with Crown Theater. (Doc. 30-1). The case was tried via bench trial and on September 18, 2012, judgment was rendered in favor of Crown Theater on Robinson's claims for assault, battery and wantonness; and in favor of Robinson and against Crown Theater, for negligence and under the Alabama Dram Shop Act in the amount of $500,000. (Doc. 39-2).

On September 18, 2012, the underlying action for direct action/garnishment was initiated by Robinson against Hudson, Colony, and other fictitious defendants, in the Circuit Court of Mobile County, Alabama (CV-2013-900249). (Doc. 1-1). Filed pursuant to Ala. Code § 27-23-2[3] (1975), Robinson seeks garnishment and collection of the insurance money -- that he

---

2  Colony issued a general commercial liability policy to Crown Theater effective April 1, 2009-April 2, 2010, with $2,000,000 limits. Hudson issued a liquor liability policy (HSLL-06445) to Crown Theater effective July 20, 2009-July 20, 2010 with $100,000 limits. (Doc. 1-7).

3  "Upon the recovery of a final judgment against any person, firm, or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment."

asserts is owed to him under the relevant insurance policies -- to satisfy the $500,000 judgment rendered by the state court against Crown Theater in CV 2011-902312. (Id. at 4). Robinson contends that the claims upon which judgment was rendered (negligence and the Alabama Dram Shop Act) are covered under the insurance policies issued to Crown Theater by Hudson and Colony. (Id. at 3).

Defendants Hudson and Colony removed the case to this Court on the basis of diversity.[4] Presently, Hudson moves for summary judgment on the grounds that the assault and battery exclusion, in the liquor liability insurance policy issued to Crown Theater, is absolute and bars recovery by Robinson. Colony moves for summary judgment on the basis that the assault and battery, liquor, and weapons exclusions, in the general commercial liability policy it issued to Crown Theater, present a complete bar to Robinson's coverage claims.

## II. Conclusions of Law

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

4 In so doing, Hudson realigned Crown, the non-diverse defendant, as a plaintiff, due to its interests in this action. (Doc. 1 at 2, 4-5). This Court found such realignment proper, after considering the merits of Plaintiff's motion to remand. (Docs. 23, 34).

3

>    ***(2) Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>    ***(3) Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
>    ***(4) Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010).

The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark, 929 F.2d at 608.

Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. Id. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter. Instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH–Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (citing Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986)); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–159 (1970). However, "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed

to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" In re Walker, 48 F.3d 1161, 1163 (11th Cir. 1995). Overall, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).

The applicable Rule 56 standard is not affected by the filing of cross-motions for summary judgment. See, e.g., Am. Bankers Ins. Group v. United States, 408 F.3d 1328, 1331 (11th Cir. 2005); Gerling Global Reins. Corp. of Am. v. Gallagher, 267 F.3d 1228, 1233 (11th Cir. 2001). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." United States v. Oakley, 744 F.2d 1553, 1555 (11th Cir. 1984) (citation omitted). The Court is mindful that "[w]hen both parties move for summary judgment, the court must evaluate each motion on its own merits, resolving all reasonable inferences against the party whose motion is under consideration." Muzzy Prods., Corp. v. Sullivan Indus., Inc., 194 F.Supp.2d 1360, 1378 (N.D. Ga. 2002)). The Court has reviewed the facts submitted by each party and has made its own examination of the record.

A.  **Robinson's Claims**

In Counts One and Two of Robinson's state court action, Robinson asserts that Crown Theater was negligent by allowing an unreasonably dangerous condition to exist and/or failing to maintain the premises in a reasonably safe condition (by causing or allowing weapons to be brought into the club and failing to warn of the foreseeable hazards and discover/ eliminate hazardous and/or unsafe conditions). Additionally, Robinson alleged that Crown Theater was

5

negligent by allowing patrons to remain on the premises when their disorderly conduct had become "so obstreperous and aggressive…that Defendants should have known that others were likely in danger[]" yet failed to demand that they leave the premises.   In Counts Six and Seven, Robinson asserted that Crown Theater negligently violated Alabama's Dram Shop Act by giving the patrons alcohol while knowing they were intoxicated and causing disturbances, as well as by allowing them to be on the premises with weapons (and while serving them alcohol in an intoxicated state).

As noted *supra*, Robinson filed the present action pursuant to Alabama's direct-action statute, Section 27-23-2, Ala. Code (1975).   Section 27-23-2 provides, in relevant part, that:

> Upon the recovery of a final judgment against any person, firm, or corporation by any person … for loss or damage on account of bodily injury … if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

In other words, for purposes of the present case, Robinson effectively stands in the shoes of the insured (Crown Theater) subject to all coverage defenses that would be available to the insurer (Colony) had the action been brought by the insured (Crown Theater).   See, e.g., Travelers Indemnity Co. of Conn. v. Miller, 86 So.3d 338, 342 (Ala. 2011) (explaining the statute and that the injured party's rights under the tortfeasor's insurance policy are derivative); Nationwide Mut. Fire. Ins. Co. v. Estate of Files, 10 So.3d 533, 534-535 (Ala. 2008) (discussing the statute and noting that the injured party acquires a vested interest as to the insured's rights under the policy such that the terms of the policy imposing obligations on the insured are effective as against the

injured party). Bearing this in mind, the Court turns to the applicable Alabama law and the parties' respective motions.

B. <u>**Discussion**</u>[5]

In Alabama, "[g]eneral rules of contract law govern an insurance contract." <u>Safeway Ins. Co. of Ala., Inc. v. Herrera</u>, 912 So.2d 1140, 1143 (Ala. 2005). "In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligations not inconsistent with public policy; and the courts have no right to add anything to their contracts or to take anything from them." <u>Upton v. Miss. Valley Title Ins. Co.</u>, 469 So.2d 548, 554 (Ala. 1985) (quoting <u>Life & Cas. Ins. Co. v. Whitehurst</u>, 148 So. 164 (1933) (internal quotations omitted)).

However, Alabama courts have held that an insurance policy "shall be construed liberally in favor of the insured and strictly against the insurer. Exclusions are to be interpreted as narrowly as possible, so as to provide maximum coverage for the insured, and are to be construed most strongly against the insurance company, which drafted and issued the policy." <u>Allstate Ins. Co. v. Skelton</u>, 675 So.2d 377, 379-380 (Ala. 1996) (internal citations omitted). "To the extent the language of an insurance policy provision is ambiguous, all ambiguities must be resolved against the insurance company." <u>Safeway Ins. Co.</u>, 912 So.2d at 1143. Nevertheless, "[i]nsurance companies are entitled to have their policy contracts enforced as written, rather than risking their terms either to judicial interpretation or the use of straining language, and the fact that different parties contend for different constructions does not mean

---

5 This Court has Section 1332 diversity jurisdiction over this case, and the substantive law of Alabama applies to same because the parties do not dispute that the insurance contract was made in Alabama or that Alabama was the site of the conduct giving rise to the assault/battery alleged. <u>See, e.g.</u>, <u>Colonial Life & Accident Ins. Co. v. Hartford Fire Ins. Co.</u>, 358 F.3d 1306, 1308 (11th Cir. 2004); <u>Cherry, Bekaert & Holland v. Brown</u>, 582 So.2d 502, 506 (Ala. 1991); <u>Cincinnati Ins. Co. v. Girod</u>, 570 So.2d 595, 597 (Ala. 1990).

7

that the disputed language is ambiguous." Woodall v. Alfa Mut. Ins. Co., 658 So.2d 369 (Ala. 1995) (quoting Gregory v. Western World Ins. Co., 481 So.2d 878, 881 (Ala. 1985) (internal citations and quotations omitted)).

"Whether a provision of an insurance policy is ambiguous is a question of law[,]" Safeway Ins. Co., 912 So.2d at 1143, and "[t]he test to be applied by [a] court in determining whether there is ambiguity is not what the insurer intended its words to mean, but what a reasonably prudent person applying for insurance would have understood them to mean…In determining whether an ambiguity exists, a court should apply the common interpretation of the language alleged to be ambiguous….This means that the terms of an insurance policy should be given a rational and practical construction." Porterfield v. Audubon Indem. Co., 856 So.2d 789, 799 (Ala. 2002) (internal citations and quotations omitted). See also American Resources Ins. Co. v. H&H Stephens Const., Inc., 939 So.2d 868, 873 (Ala. 2006) (discussing the reasonably prudent person standard – *i.e.*, that the terms of a policy should be given a rational and practical construction).

"Under Alabama law, the insured bears the burden of establishing coverage by demonstrating that a claim falls within the policy[.]" Auto–Owners Ins. Co. v. Toole, 947 F. Supp. 1557, 1561 (M.D. Ala. 1996) (citing Colonial Life & Accident Ins. Co. v. Collins, 194 So.2d 532, 535 (Ala. 1967) and U.S. Fidelity & Guarantee Co. v. Armstrong, 479 So.2d 1164, 1168 (Ala. 1985)). However, the burden shifts and the "insurer bears the burden of proving the applicability of any policy exclusion." Id.

1. **Colony's Motion for Summary Judgment**

Colony moves for summary judgment on the basis that the general commercial liability

policy it issued to Crown Theater excludes coverage for assault/battery, use of weapons, and liquor liability, such that the policy bars Robinson's Ala. Code § 27-23-2 claim for recovery of the $500,000 state court judgment.

Construing the allegations in the light most favorable to Robinson, as this Court must do on summary judgment, each of Robinson's claims are based on bodily injuries arising out of an assault/battery, use of guns (weapons), and/or liquor liability. Robinson, however, can only recover against Colony if the insured, Crown Theater, was insured against the loss or damage at the time when the right of action arose (*i.e.*, at the time of the shooting). This means that the Colony policy must provide for coverage (and not exclude) the acts alleged by Robinson. Despite the varied manner in which Robinson alleges his negligence and Alabama Dram Shop Act claims (whether failure to warn, protect, supervise, prevent weapons from coming into the club, failing to stop serving alcohol, etc.), a review of the Colony policy reveals clear and unambiguous exclusions which apply to bar his Section 27-23-2 claim.

    a.    **Assault and Battery**

Endorsement U006-0707 of the Colony Policy, the assault/battery exclusion, provides, in relevant part, that Colony shall not be liable for damages or expenses due to:

> …"bodily injury"… arising out of or resulting from: (1) "Assault", "Battery" or "Assault and Battery" committed by any person; (2) the failure to suppress or prevent "Assault", "Battery" or "Assault and Battery" by any person; (3) the failure to provide an environment safe from "Assault", "Battery" or "Assault and Battery;" (4) the failure to warn of the dangers of the environment which could contribute to "Assault", "Battery" or "Assault and Battery"; [and] (5) "Assault", "Battery" or "Assault and Battery" arising out of the negligent hiring, supervision, or training of any person…

(Doc. 39-4 at 16).

There is no coverage under Ala. Code § 27-23-2 for Robinson's allegations because they

9

are clearly predicated on events to which the Colony assault and battery exclusion applies. The injury Robinson alleges arises out of or results from an assault/battery committed by two (2) unknown individuals who are alleged by Robinson to have discharged two (2) firearms, shooting him five (5) times. In Colony Ins. Co. v. Griffin, 2007 WL 4181738, *7 (M.D. Ala. Nov. 26, 2007), a nearly identical assault and battery exclusion in a Colony insurance policy was found to negate coverage for claims against an insured bar. See also e.g., Southern Pioneer Prop. & Cas. Ins. Co. v. Bennett, 2010 WL 2976555, *2-3 (M.D. Ala. Jul. 27, 2010) (finding a similar unambiguous assault/battery exclusion to apply). As such, Colony's motion for summary judgment is **GRANTED** as to the assault/battery exclusion.

    **b.**    <u>**Use of Weapons**</u>

Endorsement U147-0702 of the Colony Policy, the weapons exclusion, provides that "this insurance does not apply to 'bodily injury,' … arising out of or resulting from the possession, ownership, maintenance, use of or threatened use of a lethal weapon, including but not limited to firearms by any person." (Doc. 39-4 at 22). Each and every bodily injury alleged by Robinson stems from the fact that he was shot five (5) times with a weapon while at Crown Theater's club. Robinson's injuries fall squarely within the weapons exclusion of Colony's policy; thus, Robinson cannot recover from Colony under Ala. Code § 27-23-2. As such, Colony's motion for summary judgment is **GRANTED** as to the weapons exclusion.

    **c.**    <u>**Alabama Dram Shop Act**</u>

Endorsement U087-0702 of the Colony Policy, the total liquor liability exclusion, provides that this insurance does not apply to: "'Bodily injury' … for which any insured may be held liable by reason of: (1) Causing or contributing to the intoxication of any person; (2) The

furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages." (Doc. 39-4 at 21). As alleged, the basis for Robinson's Alabama Dram Shop Act claim is that Crown Theater's club unlawfully provided alcoholic beverages to the shooters (people under the influence of alcohol). Robinson's negligence claims are inextricably intertwined with his alcohol claims, which fall under what are clear and unambiguous terms of the Colony liquor liability exclusion. See, e.g., State Auto Mut. Ins. Co. v. Lucchesi, 2012 WL 2009355, *5 (M.D. Pa. Jun. 5, 2012). As such, Colony's motion for summary judgment is **GRANTED** as to the liquor liability exclusion.

2. **Hudson's Motion for Summary Judgment**

Hudson concedes that the policy includes coverage for dram shop claims. However, based on the facts of this case, recovery for Robinson's injuries is excluded. Specifically, Hudson's contends that the assault and battery exclusion in its liquor liability policy is an *absolute* exclusion barring any/all claims for assault/battery. From this, Hudson asserts that Matthews' Ala. Code § 27-23-2 insurance garnishment claim, for recovery of the $500,000 state court judgment, fails.

The Hudson policy assault/battery exclusion provides as follows:

> **Assault & Battery Exclusion -Absolute**
> This insurance does not apply to claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the **insured,** and/or his employees.

(Doc. 1-7 at 8).

At the outset, Hudson contends that the section heading's inclusion of the word

"Absolute" renders the assault/battery exclusion absolute *in every manner*. However, headings and title sections within contracts do not control their interpretation. See, e.g., Wayne J. Griffin Elec., Inc. v. Dunn Const. Co., 622 So.2d 314, 317 (Ala. 1993) (providing that "the designation that a party gives to an instrument, i.e., the title of a document or the caption of a provision, does not alter the meaning of the contents of the document-it does not control the interpretation or construction of the document, the legal effect of the document, or the relationship of the parties; and it does not determine the nature or character of the document[]"). However, as written, the exclusion bars claims arising out of an assault/battery -- caused by, at the instigation of, at the direction of, or omission by -- *the insured and/or his employees*. The wording of this exclusion is clear and unambiguous. The exclusion applies in at least four (4) circumstances: 1) assault/battery caused by the insured and/or his employees; 2) assault/battery at the instigation of the insured and/or his employees; 3) assault/battery at the direction of the insured and/or his employees; and 4) assault/battery due to an omission by the insured and/or his employees.

Hudson asserts that the use of the word "omission" in the exclusion means "in this context is that the assault and/or battery was caused by something the insured or his employees neglected or failed to do, which is significantly broader than merely saying the assault and/or battery was actively done by the insured or his employees." (Doc. 47 at 4). Hudson references Seventh and Second Circuit case law as support for its claim that the exclusion applies via use of the word "omission." See generally United Nat. Ins. Co. v. Entertainment Group, Inc., 945 F.2d 210, 212-215 (7th Cir. 1991) (holding that the exclusion in liability policy for any claim asserting cause of action arising out of assault and/or battery if caused by omission by insured and/or his employees precluded coverage in negligence action alleging that minor

customer was sexually assaulted in insured theater's washroom due to theater's failure to take certain precautions) and United Nat. Ins. Co. v. Waterfront New York Realty Corp., 994 F.2d 105, 109-110 (2nd Cir. 1993) (holding that a patron's cause of action alleging negligent maintenance of nightclub's bathrooms was excluded from coverage under nightclub's liability policy by assault and battery exclusion -- the action was premised upon rape and sodomy of patron caused by an "omission by" the nightclub). Hudson is correct.

In his state court complaint, Robinson claims that even though security officers were present and observed three (3) male patrons -- who appeared intoxicated, were harassing others, were causing disturbances and were trying to start fights -- the men were allowed by Crown Theater to remain on the club premises. (Doc. 1-6 at 6). Two of these men ultimately shot Robinson multiple times later that night. From this, Robinson alleges that Crown Theater failed to warn him of the dangers with weapons at the club, failed to ensure no weapons would be brought into the club, failed to exercise reasonable care in serving intoxicating liquors, failed to maintain safety and order, and failed to protect him from assault/battery. (Doc. 1-6). Robinson then alleges numerous specific ways in which the Crown Theater was negligent, and that this negligence resulted in the assault/battery (shooting) which proximately caused his injuries. (Doc. 1-6 at 8-17).

As alleged, Robinson's negligence claim clearly "arises out of" the assault/battery caused by omissions on the part of Crown Theater and/or its employees – *i.e.*, the club's failure to maintain safety and order resulting in him being shot five (5) times. In other words, but for the assault/battery (the shooting), Robinson would have no negligence claim because he would have had no injury. Here, there is only one set of indivisible injuries suffered by Robinson, the

victim of an assault/battery. "Those injuries cannot be severed and allocated to different causes, whether those 'causes' are separate legal theories or 'claims' relating to the same act or are actually separate acts that combined to cause the injuries." Admiral Ins. Co. v. Price-Williams, 2013 WL 2149491, *10 (Ala. May 17, 2013). As such, Robinson's negligence claim is inextricably tied with the fact of his assault/battery and the injuries which resulted. Thus, the Hudson policy excludes coverage based on Crown Theater's negligent omissions which resulted in Robinson's assault). See e.g., United Nat. Ins. Co., 945 F.2d at 212-215; Those Certain Underwriters at Lloyd's London Who Subscribe to Policy No. TCN 002547 v. Karma Korner, LLC, 2011 WL 1150466, *4 (M.D. Fla. Mar. 28, 2011) (holding that the assault/battery exclusion applied to claims for negligence resulting in a shooting death). In sum, "liability-policy clauses that exclude losses arising from an assault and battery are effective to bar payments for any such loss, even when the only improper conduct of the insured is a purely negligent act or omission that simply made possible or facilitated the subsequent intentional assault or battery[.]" Price-Williams, 2013 WL 2149491 at *9-10 (referencing and discussing the holdings of Auto–Owners Ins. Co. v. American Central Ins. Co., 739 So.2d 1078 (Ala. 1999), Horace Mann Ins. Co. v. D.A.C., 710 So.2d 1274 (Ala. Civ. App. 1998), and Gregory v. Western World Ins. Co., Inc., 481 So.2d 878 (Ala. 1985)).

Further, Robinson's argument -- that to not provide him with insurance coverage would violate the law -- also fails. Specifically, citing Section 20-X-5-.14(1) of the *Alabama Administrative Code,* Robinson contends that it would violate law and public policy for the Court to conclude that even though there has already been a judicial determination that Hudson's insured (Crown Theater) violated the Alabama Dram Shop Act, Hudson does not have to pay

that judgment due to the assault/battery exclusion in its liquor liability policy. (Doc. 43 at 13). Whether Crown Theater violated the law by not having full liquor liability coverage for all kinds/types of injuries is not the issue in this case. Robinson has not cited any authority that obligates Hudson to provide full coverage for dram shop claims. Rather, that legal obligation applies to "[a]ll retail licensees of the ABC Board[.]" Ala. Adm. Code § 20-X-5-.14(1). As such, as the retail licensee of the ABC Board in this case, it is Crown Theater's obligation to obtain the necessary insurance required by law.

Based on the foregoing, the assault/battery exclusion in the Hudson liquor liability policy issued to Crown Theater bars Robinson's claim. As such, Hudson's motion for summary judgment is **GRANTED**.

### III. Conclusion

Accordingly, it is **ORDERED** that Colony's Motion for Summary Judgment (Docs. 38-39) is **GRANTED;** and Hudson's Motion for Summary Judgment (Docs. 30-31), is **GRANTED.**

A Final Judgment consistent with the terms of this Order shall be entered by separate document as required by Rule 58 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this the **22nd** day of **October 2013.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**